UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

DEC 31 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff - Appellee,<br><br> v.<br><br>GILMA RUIZ, AKA Gilam Ruiz Hernandez, AKA Gilma B. Ruiz Hernandez, AKA Gilma Beatriz Ruiz Hernandez, AKA Gilma B. Ruiz, AKA Gilma Beatriz Ruiz,<br><br>      Defendant - Appellant. | No. 12-50474<br><br>D.C. No. 8:08-cr-00144-DOC-1<br>U.S. District Court for Central California, Santa Ana<br><br>**MANDATE**<br><br> |

The judgment of this Court, entered December 06, 2013, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

                                              FOR THE COURT:
                                              Molly C. Dwyer
                                              Clerk of Court

                                              Jessica F. Flores
                                              Deputy Clerk



**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 06 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff - Appellee,<br><br>　　v.<br><br>GILMA RUIZ, AKA Gilam Ruiz Hernandez, AKA Gilma B. Ruiz Hernandez, AKA Gilma Beatriz Ruiz Hernandez, AKA Gilma B. Ruiz, AKA Gilma Beatriz Ruiz,<br><br>　　　　　Defendant - Appellant. | No. 12-50474<br><br>D.C. No. 8:08-cr-00144-DOC-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted November 7, 2013
Pasadena, California

Before: GOODWIN, FISHER and CLIFTON, Circuit Judges.

　　Gilma Ruiz appeals her conviction following the district court's denial of her

motion to withdraw her guilty plea under Federal Rule of Criminal Procedure

---

　　[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

11(d)(2)(B).  Reviewing for an abuse of discretion, we vacate the plea and the conviction and remand for further proceedings consistent with this decision.

Under Rule 11(d)(2)(B), a defendant need show only a "fair and just reason" for withdrawing a plea.  Ruiz was required to show (1) that she received improper legal advice and (2) that the proper legal advice of which she was deprived could have at least plausibly motivated a reasonable person in her position not to have pled guilty.  *See United States v. Bonilla*, 637 F.3d 980, 983 (9th Cir. 2011).  Ruiz has satisfied the second prong because she has longstanding ties to the United States, having arrived here at the age of seven, having lived here for 30 years and having two U.S.-born children.  She plausibly contends that, if she had known the full extent of the immigration consequences of pleading guilty, she would have attempted to negotiate a different plea that would not have mandated deportation.  *See United States v. Kwan*, 407 F.3d 1005, 1017 (9th Cir. 2005) ("Kwan explains that, had he been made aware of the deportation consequences of his conviction, he would have explored the option of renegotiating his plea agreement."), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010).

As for the first prong, we are troubled by Ruiz's apparent lack of candor in the declaration she filed in support of her motion to withdraw her plea, where she said she "had no idea that I might get deported."  That assertion is contradicted by

the 2009 letter she sent to immigration officials, in which she acknowledged that she had been advised by her lawyer that she "might face deportation." The district court, however, did not deny Ruiz's motion on the ground that she was not credible. Rather, the court denied the motion on the ground that Ruiz had received adequate legal advice. It was legal error for the court to justify its conclusion by reasoning that the deportation consequences of Ruiz's plea were unclear—when it was actually virtually certain that Ruiz will get deported given her plea—and that the only advice Ruiz was thus entitled to receive was advice of a mere possibility of deportation. Given the aggravated felony nature of the offense Ruiz pled to, our interpretation of *Padilla* required that Ruiz be informed not that she might face deportation, but instead that her deportation was a virtual certainty. *See Bonilla*, 637 F.3d at 984 ("A criminal defendant who faces almost certain deportation is entitled to know more than that it is *possible* that a guilty plea could lead to removal; he is entitled to know that it is a virtual certainty." (citing *Padilla*, 559 U.S. at 369)).

    The district court's legal error requires us to vacate the plea and conviction. However, we are unable to ascertain from the record whether Ruiz has met her burden of showing that she should be allowed to withdraw her plea, given that the only support for her assertion that she was not advised of the virtual certainty of

3

her deportation was a declaration that was directly contradicted by her own letter to immigration officials. The district court is free to make this determination in the first instance.

We vacate the plea and conviction and remand for further proceedings consistent with this decision. *See Bonilla*, 637 F.3d at 986.

**VACATED AND REMANDED.**